IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JODI McCLAY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 3:17-CV-00705 ) |
| AIRPORT MANAGEMENT SERVICES, LLC, | ) Judge Eli J. Richardson ) ) Magistrate Judge Alistair Newbern |
| Defendant. | ) |

## DEFENDANT'S MOTION TO APPLY THE TENNESSEE STATUTORY CAP ON NONECONOMIC DAMAGES

COMES NOW Defendant Airport Management Services, LLC ("AMS"), by and through counsel, and moves the Court to apply the Tennessee statutory cap on noneconomic damages, Tenn. Code Ann. § 29-39-102, to the jury award in this matter. In furtherance of said Motion, Defendant states as follows:

## LAW AND ARGUMENT

Under the *Erie* doctrine, "federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini v. Ctr. For Humanities, Inc.*, 518 U.S. 415, 427 (1996). While determining whether a particular state law is "substantive" or "procedural" can be a complex question, it is well-settled that "in all where a federal court is exercising jurisdiction solely because of the diversity of citizenship of the parties, the outcome of the litigation in federal court should be substantially the same, so far as legal rules determine the outcome of a litigation, as it would be if tried in a State court." *See, e.g., Beverage Distributors, Inc. v. Miller Brewing Co.*, 690 F.3d 788, 792-93 (6th Cir. 2012) (quoting *Guar. Trust Co. of N.Y. v. York*, 326

U.S. 99, 109 (1945). State laws that are outcome-determinative are thus overwhelmingly construed as "substantive."

The Tennessee General Assembly has limited the amount of noneconomic damages that may be awarded to a plaintiff in a civil action to a total of seven hundred fifty thousand dollars ($750,000.00).[1] *See* Tenn. Code Ann. §§ 29-39-102(a)-(e). The Tennessee statutory cap on noneconomic is "substantive law" for *Erie* purposes because it "influences outcomes [of cases] by tightening the range of tolerable awards." *See Gasperini*, 518 U.S. at 428-29.

On January 11, 2019, following a trial on this matter, the jury returned a verdict awarding Plaintiff Jodi McClay four hundred forty-four thousand, five hundred dollars ($444,500.00) in economic damages and nine hundred thirty thousand dollars ($930,000.00) in noneconomic damages. The noneconomic damages award thus impermissibly exceeds the statutory maximum and should be reduced to seven hundred fifty thousand dollars ($750,000.00) to comply with Tennessee law.

## CONCLUSION

For the foregoing reasons, AMS respectfully moves this Court to apply the Tennessee noneconomic damages cap and reduce the total damages award from one million, three hundred seventy-four thousand, five hundred dollars ($1,374,500.00) to one million, one hundred ninety-four thousand, five hundred dollars ($1,194,500.00).

---

[1] While the statute does contain an exception to the seven hundred fifty thousand dollar cap when an injury is determined to be "catastrophic" in nature, *see* Tenn. Code Ann. § 29-39-102(c), that exception does not apply here.

Respectfully submitted,

BURCH, PORTER & JOHSON, PLLC

/s/ Molly A. Glover
Molly A. Glover (#16113)
130 North Court Avenue
Memphis, TN 38103
T: (901) 524-5000
F: (901) 524-5024
mglover@bpjlaw.com

Lauren L. Holloway (#13276)
1299 Zurich Way, Suite 300
Schaumberg, IL 60196
T: (901) 748-6060
F: (901) 748-6076
lauren.holloway@zurichna.com

**CERTIFICATE OF SERVICE**

I hereby certify that I have forwarded a copy of the foregoing to attorney Edmund J. Schmidt, III, 2323 21st Avenue, Suite 502, Nashville, TN 37212, via the Court's ECF filing system, this 16th day of January, 2019.

/s/ Molly A. Glover
Molly A. Glover