IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| JODI McCLAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 3:17-CV-00705 |
| ) | |
| AIRPORT MANAGEMENT SERVICES, ) | Judge Eli J. Richardson |
| LLC, ) | |
| ) | Magistrate Judge Alistair Newbern |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S SUR-REPLY**

MAY IT PLEASE THE COURT:

The Defendant in its Reply argues that more states than not have upheld damage caps and that the Tennessee legislature has previously enacted legislation to limit damages assessed against certain parties. What other states have determined to be permissible under its constitution in enacting damage caps is of no persuasive value to the outcome of this motion. By the same token, the fact that the Tennessee legislature has enacted legislation to curb or limit a party's exposure to damages is similarly unpersuasive, especially if that legislation was never challenged. *See Bd. of Educ. Of Memphis Schools v. Shelby County*, 339 S.W.2d 569, 584 (Tenn. 1960), "[E]xistence of unconstitutional legislation, for any length of time, even after the parties have accepted the same and had rights determined thereunder by the courts, cannot clothe such invalid laws with the mantle of validity."

The Defendant argues that since "the Tennessee Legislature has the power to modify or even abolish common-law remedies . . . without encroaching on the power of

the judiciary, it can exercise it without violating the right to a jury trial." (Defendant's Response, p. 9).

This argument was rejected by the Georgia Supreme Court in *Atlanta Ocuplastic Surgery, P.C. v. Nestlehutt*, 691 S.E.2d 218 (Ga. 2010). Legislative authority did not empower "the Legislature to abrogate <u>constitutional</u> rights that may inhere in common law causes of action." 691 S.E.2d at 223. The right of a jury trial guaranteed in the Georgia Constitution of 1798 contained language identical as that contained in Article 1, § 6 of the Tennessee Constitution of 1796. The Georgia Supreme Court in *Atlanta Oculoplastic Surgery, P. C. v. Nestlehutt* found that damages cap legislation violated Georgia's constitutional guarantee of a right to trial by jury. The Tennessee Supreme Court would similarly rule.

Further, the defendant's argument regarding legislative authority ignores and clashes with one of the final provisions of the Tennessee Constitution:

> "The declaration of rights hereto prefixed is declared to be part of the Constitution of the State, and shall never be violated on any pretense whatever. And the guard against transgression of the high powers we have delegated, we declare that everything in the bill of rights contained, is accepted out of the general powers of government, and shall forever remain inviolate." *See* Article 11, § 16.

Any legislation, short of a constitutional amendment, which curbs, infringes or limits the right to trial by jury guaranteed under the plain reading of Article 1, § 6 is void *ab initio*. *See Edwards v. Allen*, 216 S.W.3d 278, 290 (Tenn. 2007).

Finally and most tellingly, the defendant makes only an oblique reference and no response to *Lindenberg v. Jackson National Life Ins. Co.*, 912 F.3d 348 (6th Cir. 2018) that held limits on punitive damages violated Tennessee's constitutional guarantee to a jury trial. As that case presently stands, it constitutes controlling authority regarding the issue before the Court. *See Darrah v. City of Oak Park*, 255 F.3d 301, 309 (6th Cir. 2001).

This Court should declare the damages cap, T.C.A. § 29-39-104, to be unconstitutional and unenforceable.

Respectfully submitted,

LAW OFFICE OF EDDIE SCHMIDT

By: s/Edmund J. Schmidt III
Edmund J. Schmidt III, TN Bar #021313
2323 21st Avenue South, Suite 502
Nashville, Tennessee 37212
Phone (615) 678-6320
Fax (615) 454-6357
Email eddie@eschmidtlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 14th day of February, 2019, a copy of the foregoing document was served upon the following via e-mail notification through the Court's Electronic Case Filing System (CM/ECF):

Lauren L. Holloway
1299 Zurich Way, Suite 300
Schaumburg, IL 60196
lauren.holloway@zurichna.com

s/Edmund J. Schmidt III
Edmund J. Schmidt III